IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEONTA DOUGLAS, #167137, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 25-cv-01265-JPG |
| | ) |
| JEFFERSON COUNTY JAIL, | ) |
| NURSE JASON, | ) |
| NURSE TERRY, | ) |
| CAPTAIN MAY, | ) |
| LT. GARCIA, | ) |
| C/O JOHN DOE 1, | ) |
| and DR. JOHN DOE 2, | ) |
| | ) |
|      Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Keonta Douglas filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his detention at Jefferson County Justice Center located in Mount Vernon, Illinois. In the Complaint, Plaintiff alleges that he suffered an ankle injury when he had a seizure and fell from his top bunk. (Doc. 1). He claims the injury could have been avoided with a low bunk assignment. Plaintiff seeks money damages. *Id*.

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the factual allegations in the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-8): When he arrived at Jefferson County Justice Center on January 17, 2025,[1] Plaintiff told C/O John Doe 1 about his diagnosis with a seizure disorder, his treatment with medication, and his need for a bottom bunk. *Id*. at 6. Plaintiff reported the same thing to Nurse Jason, who instructed him to provide this information to Dr. John Doe 2. *Id*.

C/O John Doe 1 then took Plaintiff to K Block. Plaintiff again stated that he needed a bottom bunk for his seizure disorder, and the correctional officer told him to "find one" in K Block. *Id*. at 6-7. No inmates would give the plaintiff a bottom bunk. *Id*. at 7.

During his medical intake four days later, Plaintiff met with Nurse Terry and Dr. John Doe 2. Plaintiff's prescription medication for his seizure disorder was verified and documented,[2] but he was not given a bottom bunk permit. *Id*. Plaintiff repeatedly asked the nurses for a bottom bunk when attending pill line. Nurses Jason and Terry told Plaintiff that the Jail had his prison medical records and they would "look into it." *Id*. Nothing changed. On March 25, 2025, Plaintiff filed a grievance to complain about the fall risk posed by his top bunk assignment. *Id*. Captain May issued a "final response" saying, "Lt. Garcia is working on it. Did you tell [the] C/O who brought you in?" *Id*.

The same day, Plaintiff suffered a seizure and fell from his top bunk. *Id*. He sustained injuries that required an overnight stay in the hospital. Plaintiff was diagnosed with a sprained ankle and released the next day. When he returned to the Jail, Plaintiff was finally assigned a bottom bunk on March 26, 2025. *Id*. at 8.

---

[1] Plaintiff alleges that he faced federal charges while housed at the Jail.
[2] Plaintiff does not allege that he was denied prescription medication for his seizure disorder or that there was a lapse in medication.

Plaintiff submitted several written requests for pain medication for his ankle. These requests were dated March 29, April 10, April 28, May 8, May 9, May 27, and May 28. In response, Plaintiff received Motrin/ibuprofen. *Id*.

He complains that the Jail's grievance process requires submission of complaints at a kiosk, and a "final response" is typically issued by the subject of the grievance. *Id*. at 9. No third-party counselor, grievance officer, director, or sheriff considers an appeal. Plaintiff claims that his injuries might have been avoided if the Jail made use of a meaningful grievance process. *Id*.

## **Preliminary Dismissal**

Jefferson County Justice Center is named as a defendant, but the Jail is not considered a person or policy-making body that is subject to suit under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because it is not a suable entity, this defendant shall be dismissed with prejudice.

## **Discussion**

Based on the allegations summarized herein, the Court designates the following claims in the *pro se* Complaint:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for denying Plaintiff a low bunk at the Jail from January 17, 2025 until March 25, 2025, resulting in his fall from the top bunk while having a seizure on or around March 25, 2025.

**Count 2:** Fourteenth or Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for pain caused by a sprained ankle he sustained at the Jail on or around March 25, 2025.

**Count 3:** Fourteenth Amendment claim against Defendants for their failure to adopt or implement a meaningful grievance process at the Jail in 2025.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

**Count 1**

If Plaintiff was a pretrial detainee when his claims arose, the Fourteenth Amendment Due Process Clause governs his claim for unconstitutional conditions of confinement. *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). Under the Fourteenth Amendment, a plaintiff must show that he faced a serious deprivation and that each defendant responded in a manner that was "objectively unreasonable," was not "rationally related to a legitimate non-punitive governmental purpose," or "was excessive in relation to that purpose." *Kemp v. Fulton Cty.*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman*, 933 F.3d at 822, 824). If Plaintiff was already convicted of a crime at the time this claim arose, the Eighth Amendment controls and requires the plaintiff to set forth allegations of deliberate indifference by each defendant to the serious risk of harm posed to his health or safety. *See Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013).

Plaintiff alleges that he repeatedly informed staff about his seizure disorder and the need for a low bunk to prevent injuries beginning January 17, 2025. However, C/O John Doe 1, Nurse Terry, Nurse Jason, and Dr. John Doe 2 disregarded his requests for a low bunk until after he fell from his top bunk during a seizure and injured his ankle on March 25, 2025. These allegations suggest that each defendant responded to a serious risk of injury to the plaintiff in a manner that was objectively unreasonable and/or deliberately indifferent. Count 1 survives screening as a Fourteenth Amendment or Eighth Amendment claim against C/O John Doe 1, Nurse Terry, Nurse Jason, and Dr. John Doe 2.

This claim shall be dismissed against Captain May and Lieutenant Garcia. Plaintiff first identifies these defendants in response to a grievance he submitted at the kiosk on the date of his injury. It is not clear whether either defendant was involved in denying the plaintiff a low bunk

before he was injured. Therefore, Count 1 shall be dismissed without prejudice against both defendants.

## Count 2

Count 2 arises from Plaintiff's claim that he requested medication for ankle pain and was given Motrin/ibuprofen. When a plaintiff brings a claim under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Plaintiff's allegations fall short of articulating a claim against any defendants. He does not indicate whether a defendant was involved in treating his pain or whether the treatment was inadequate. Count 2 shall therefore before dismissed without prejudice for failure to state a claim against the defendants.

## Count 3

In Count 3, Plaintiff complains about the Jail's inadequate grievance process. However, the Fourteenth Amendment does not guarantee an inmate any right to a grievance process. *Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008). Therefore, Count 3 shall be dismissed with prejudice for failure to state a claim against the defendants.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendants **C/O JOHN DOE 1, DR. JOHN DOE 2, NURSE JASON,** and **NURSE TERRY,** once identified. **JEFFERSON COUNTY JUSTICE CENTER'S JAIL ADMINISTRATOR** is **ADDED** in an official capacity and is responsible for helping identify each of these unknown defendants by first and last name, according to the Doe Identification Order that will enter after the Jail Administrator appears in this matter.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a

claim against **CAPTAIN MAY** and **LIEUTENANT GARCIA**; **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim against any defendants; and **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim against any defendants.

**IT IS ORDERED** that **CAPTAIN MAY** and **LIEUTENANT GARCIA** are **DISMISSED** without prejudice, and **JEFFERSON COUNTY JUSTICE CENTER** is **DISMISSED** with prejudice.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **C/O JOHN DOE 1, DR. JOHN DOE 2, NURSE JASON,** and **NURSE TERRY** (in their individual capacities only), once identified, and the **JAIL ADMINISTRATOR of JEFFERSON COUNTY JUSTICE CENTER** (in an official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk's Office is **DIRECTED** to **ENTER** the Court's standard HIPAA Qualified Protective Order; **ADD** the **JEFFERSON COUNTY JUSTICE CENTER'S JAIL ADMINISTRATOR (official capacity)** as a defendant; and **TERMINATE CAPTAIN MAY, LIEUTENANT GARCIA,** and **JEFFERSON COUNTY JUSTICE CENTER** as defendants in CM/ECF.

**IT IS SO ORDERED.**

**DATED: 10/9/2025**                                     s/J. Phil Gilbert
                                                         **J. PHIL GILBERT**
                                                         **United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all defendants have answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.