IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEANYANDAARWA S. SCOTT, #Y58557,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　**Plaintiff,**　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　)　　Case No. 25-cv-00609-SMY
　　　　　　　　　　　　　　　　　　)
NURSE S and　　　　　　　　　　　　)
CURRENT WARDEN OF ROBINSON　　　　 )
CORRECTIONAL CENTER,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　**Defendants.**　　　　　)

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations caused by the alleged denial of medical care for a skin infection at Robinson Correctional Center. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 9). Plaintiff was allowed to proceed with three claims against "Nurse S," once the nurse was identified and served with this lawsuit. *Id*.

The Current Warden of Robinson Correctional Center was added as an official capacity defendant for purposes of responding to discovery aimed at identifying Nurse S. After the warden appeared, the Court entered a Doe Identification Order requiring Plaintiff to identify the unknown defendant by first and last name in a motion for substitution filed on or before September 30, 2025. (Doc. 15). Plaintiff was warned that failure to identify the defendant by this deadline would result in dismissal of the unidentified defendant and the entire action after the deadline expired. *Id*. at 2 (citing FED. R. CIV. P. 41).

Plaintiff missed the September 30, 2025 deadline and did not seek an extension of time to identify the defendant. Consequently, the Court *sua sponte* extended the deadline to October 7,

2025. (Doc. 18). Plaintiff also missed this extended deadline. *Id*. The Court then entered a notice of impending dismissal to warn Plaintiff that Nurse S and the entire action would be dismissed for non-compliance with the Court's Order (Doc. 15) and for failure to prosecute his claims if he did not comply with the Doe Identification Order by October 24, 2025. (Doc. 20). That deadline expired more than two weeks ago, and Plaintiff still has not responded.

Accordingly, this case is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 15 and 20 and his failure to prosecute his claims against Defendants Nurse S. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 10, 2025**         *s/ Staci M. Yandle*
                                     **STACI M. YANDLE**
                                     **United States District Judge**

2