**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KEANYANDAARWA SCOTT, #Y58557,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-00609-SMY** |
| | ) | |
| **WARDEN OF ROBINSON CORRECTIONAL CENTER AND "NURSE S,"** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SECOND JOHN/JANE DOE IDENTIFICATION ORDER**

**YANDLE, Chief District Judge:**

This Order sets forth the process and procedures for the identification and substitution of unidentified Defendant "Nurse S" in the Complaint.

**Identification of Unknown Defendant**

Plaintiff is proceeding against unknown Defendant Nurse S. (Docs. 1, 9). The Current Warden of Robinson Correctional Center has been added as a Defendant in an official capacity for the purpose of assisting with the identification of unknown Defendant Nurse S. (Doc. 9).

The exchange of information for the purpose of identifying Nurse S shall proceed according to the following schedule:

1. Plaintiff shall have until **September 9, 2026** to file a Notice with the Court, and provide to the Warden's attorney, any information he possesses which will help identify Nurse S by first and last name, such as: physical description(s), gender, rank, partial name(s)/nickname(s), specific job assignment(s), shift times, and locations and dates where Plaintiff interacted with Nurse S. **Plaintiff has indicated that Nurse S worked at Robinson Correctional Center and provided medical services to him in August**

**and September 2023; provided medical care to Plaintiff on or around August 8, 2023; was assigned to his housing unit and/or medical unit on or around August 8, 2023; and may be identified or identifiable from Plaintiff's relevant medical records, CHAMPS records, or nurse sign-in sheets from that time period. *See* Doc. 33, pp. 2-3.**

2. The Warden shall have until **September 30, 2026** to file a Notice with the Court and provide Plaintiff the identity of Nurse S, including the first and last name of this individual. If the Warden is unable to identify Nurse S, he shall provide Plaintiff with any document or information, including photographs and videos, that may assist in the identification of Nurse S[1] by the same deadline. The Warden shall contemporaneously file an affidavit with the Court certifying the steps taken to identify the unknown Defendant based on the information provided or available to the Warden.

3. Plaintiff shall have until **October 21, 2026** to file a **motion to substitute** specific Defendant for the Nurse S or, if Nurse S remains unidentified, to file a motion specifying additional steps that can be taken to identify Nurse S.

**Plaintiff's failure to comply with this Order and to identify Nurse S within the required timeframe will result in the dismissal of Nurse S from the action and may also result in dismissal of the case for failure to prosecute. *See* FED. R. CIV. P. 41(b). The Defendant Warden's failure to comply with this Order in a good faith effort to identify Nurse S may result in the imposition of sanctions.**

---

[1] Such documents may include, for example, incident reports; grievances or other related materials, such as responses, grievance logs and counselor's notes; disciplinary tickets, along with any documents related to the resolution of the tickets; Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time; correspondence with the chaplain; shakedown slips; and copies of relevant medical records, provided Plaintiff has executed the required release form.

**IT IS SO ORDERED.**

**DATED: 8/26/2026**

**Staci M. Yandle**
**Chief U.S. District Judge**